UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE ABBOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02459-JRS-DLP ) |
| CIRCUIT COURT 3 OF DELAWARE COUNTY, MICHAEL QUIRK, CARL BARBER, | ) ) ) ) ) |
| Defendants. | ) ) |

**Order on Motions to Dismiss (ECF Nos. 13, 16, 18)**

In connection with a methamphetamine-related conviction from 2014, Plaintiff Michelle Abbott sued her public defender Michael Quirk, police officer Carl Barber, and the Circuit Court 3 of Delaware County, Indiana (the "Circuit Court"). Abbott, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants' misconduct resulted in the deprivation of her Fourth, Fifth, Sixth, and Fourteenth Amendment rights; she also seems to bring several state law claims, should the complaint be construed liberally. Defendants move to dismiss. (*See* ECF Nos. 13, 16, 18.)

Abbott did not respond to the motions to dismiss, and the time for responding has long since passed. *See* L.R. 7-1(c)(2)(A) ("Responsive briefs are due within 14 days after service of the supporting brief."). Considering Abbott's *pro se* status, however, the Court will not treat her failure to respond as a forfeiture of her claims because a

1

"*pro se* plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (citation omitted).

## I.   Standard of Review

A complaint must contain a short and plain statement showing that the pleader is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts, however, need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. "[I]f a plaintiff pleads facts that show its suit [is] barred . . . it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) (citation omitted).

## II.   Discussion

On October 16, 2014, Abbott pleaded guilty to (1) dealing methamphetamine, Cause No. 18C03-1303-FB-21, and (2) aiding, inducing, or causing dealing in methamphetamine, Cause No. 18C03-1403-FB-45. In return, the State dismissed two

other charges, Cause Nos. 18C03-1303-FD-43 and 18C03-1312-FD-235. The Court takes judicial notice of the dockets in these cases. Abbott filed the federal complaint here on September 22, 2020. Further facts are discussed below as relevant to each defendant.

### A. *Michael Quirk*

As to her public defender, Quirk, Abbot says his "wrongful action was not representing me . . . ." (ECF No. 1 at 6.) Allegedly, Quirk "didn't argue or say anything to help my case"; committed malpractice; never came to jail to speak with Abbott; and "acted with no rules of conduct of [his] position." (*Id*. at 5.) The most specific conduct that Abbott points out as poor lawyering is Quirk's advice that she sign a plea agreement. (*Id*. at 7.) Abbott believes Quirk instead should have argued that Abbott could not be charged with abetting dealing when a principal was never convicted—her sister's charge of dealing was ultimately dismissed, Abbott says. (*Id*. at 7.)

Initially, the Court notes that the dismissal of her sister's charge as a principal would not preclude Abbott's conviction for aiding and abetting. *See* Ind. Code § 35–41–2–4 ("A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person . . . [h]as not been convicted of the offense . . . ."). But the Court need not reach whether malpractice occurred because the statute of limitations for any malpractice claim expired in 2017 at the latest. "The statute of limitations for a claim of legal malpractice is two years." *Saylor v. Reid*, 132 N.E.3d 470, 473 (Ind. Ct. App. 2019), *transfer denied*,

3

143 N.E.3d 946 (Ind. 2020) (citing Ind. Code § 34–11–2–4). Abbott's convictions occurred in October of 2014, so she had to bring a malpractice claim by October of 2016. Even if the Court reads the complaint charitably and finds that she discovered Quirk's purported legal errors only in November of 2015, when Abbott filed a motion for modification of her sentence that was ultimately granted, she nevertheless had to bring a malpractice claim by November of 2017. Because Abbott only commenced this federal action in September of 2020, her malpractice claims against Quirk are time-barred pursuant to Indiana Code § 34–11–2–4.

To the extent Abbott styles her malpractice claim as a § 1983 claim, it also fails. The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury claims. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 387 (2007). Here, that is the two-year statute of limitations found in Indiana Code § 34–11–2–4. Abbott's § 1983 claims against Quirk are therefore also time-barred.

B. *Carl Barber*

As to Barber, Abbott's non-conclusory allegations are as follows. Barber allegedly falsely charged Abbott of crimes she did not commit. (ECF No. 1 at 5.) Barber has allegedly stopped Abbott multiple times and stalked Abbott online. (*Id.*) He purportedly "harassed" Abbott for months by producing false evidence in support of criminal charges that were eventually dismissed. (*Id.* at 6.) The officer allegedly "withheld information that [Abbott's] sister said [a meth lab] was all hers." (*Id.*) And Abbott believes her Fourth Amendment rights were violated when Barber went to her house

4

to deliver a previously seized phone and thereafter obtained consent from Abbott's sister to enter despite the sister not residing or staying there. (*Id.*)

The statute of limitations for bringing a § 1983 claim is two years after the alleged violation. *See* Ind. Code § 34–11–2–4; *Wallace*, 549 U.S. at 387. All of the alleged conduct described above occurred before Abbott's conviction in October of 2014. Because Abbott commenced this federal action in September of 2020, many years after the statute of limitations expired, her Fourth Amendment and due-process claims against Barber are time-barred.

To the extent Abbott brings a claim for malicious prosecution—under either § 1983 or state law—that claim is barred by the *Heck* doctrine, which prohibits the Court from considering a case in which favorable judgment for the plaintiff "would necessarily imply the invalidity of [her] conviction or sentence" unless the conviction has already been overturned. *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994); *see also Julian v. Hanna*, 732 F.3d 842, 844–45 (7th Cir. 2013) ("[A] malicious prosecution claim does not accrue until the criminal proceeding that gave rise to it ends in the claimant's favor."). Abbott has not alleged, nor do the state court dockets reflect, that her convictions were ever overturned in her favor, on appeal or otherwise. Entering judgment for Abbott on a malicious prosecution claim would necessarily imply that her state court convictions were invalid. Accordingly, the Court must dismiss the malicious prosecution claim because of *Heck* insofar as that claim is brought under § 1983. Insofar as the claim is brought under state law, it is dismissed as premature because there is no indication that Abbott's convictions were overturned.

*C. Circuit Court*

Abbott says the Circuit Court is at fault because it "didn't look through all the facts withholding exculpatory evidence." (ECF No. 1 at 6.) Essentially, she alleges that the court wronged her by witnessing, accepting, and doing nothing to prevent all of Quirk's and Barber's alleged misconduct discussed above. She says the Circuit Court's conduct violated the Due Process Clause and Equal Protection Clause. (*See, e.g., id.* at 5.)

The Court lacks subject matter jurisdiction to consider any of Abbott's claims against the Circuit Court. "Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citations omitted). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Id.* Here, even if Abbott's speculation that the Circuit Court considered false evidence were true, the state court's determination that there was a factual basis for Abbott's guilty pleas is inextricably intertwined with the constitutional claims Abbott raises now. Our country's parallel system of state and federal courts "requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court." *Id.* (citation omitted). Because this Court—a federal court—lacks jurisdiction to hear

6

Abbott's challenges related to the Indiana court's adjudication of her guilt, all such claims are dismissed.

### III.   Conclusion

Defendants' motions to dismiss, (ECF Nos. 13, 16, 18), are **granted**, and all claims are **dismissed**.  What is left to decide is whether leave to amend should be granted.  Amendment would be futile to save most of the dismissed claims.  For example, it would likely be impossible to show that this Court has subject matter jurisdiction over claims against the Circuit Court when the *Rooker-Feldman* doctrine clearly dictates otherwise.  The Court cannot say it is impossible, though, that Abbott might amend her complaint to show why some of her claims are not time-barred.  If she can amend her complaint to state a claim, Abbott must do so by **April 7, 2021**.  Otherwise, the case will be dismissed.

**SO ORDERED**.

Date: 3/30/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHELLE ABBOTT
6888 Bowling Green
Scottsville, KY 42164

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

John H. Brooke
LAW OFFICES OF JOHN H. BROOKE
jbrooke@brooke-stevens.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bfindley@cassiday.com

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov

Daniel J. Paul
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com

John Mycroft Stevens
LAW OFFICES OF JOHN H. BROOKE, PC
jstevens@brooke-stevens.com

Danyel Struble
BROOKE STEVENS, P.C.
dstruble@brooke-stevens.com